BDM:KKO
F. #2018V00640

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X



In re the Seizure of:

ANY AND ALL FUNDS ON DEPOSIT AT
WOODFOREST NATIONAL BANK FUNDS
NUMBER 1526001183, UP TO AND
INCLUDING THE SUM OF ONE HUNDRED
SIXTY THOUSAND THREE HUNDRED
FIFTY-SEVEN DOLLARS AND SIXTY CENTS
($160,357.60), HELD IN THE NAME OF BEST
ALTER SOLUTIONS, AND ALL PROCEEDS
TRACEABLE THERETO.

AFFIDAVIT IN SUPPORT OF
APPLICATION FOR
SEIZURE WARRANT

- - - - - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

    MARK I. RUBINS, being duly sworn, deposes and states that he is a Detective with the New York City Police Department ("NYPD") and a Task Force Officer with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

    1.  I am a Detective with the NYPD, duly appointed according to law as a federal Task Force Officer assigned to the FBI. I have been a Detective with the NYPD since 2006. For the past year I have also been assigned as a Task Force Officer with the FBI Financial Cyber Crimes Task Force ("FCCTF"). My responsibilities on the FCCTF include investigating computer intrusions, sophisticated financial frauds and money laundering, among other offenses. Through my training, education and experience, I have become familiar with (a) the manner in which frauds are committed; (b) the methods used by persons committing fraud to launder the proceeds of their criminal activities; and (c) the efforts of

persons involved in such activity to avoid detection by law enforcement. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including bank records and emails; and from reports of other law enforcement officers involved in the investigation.

2.    This affidavit is submitted in support of the government's application to seize any and all funds on deposit at Woodforest National Bank account number 1526001183, held in the name of Best Alter Solutions (the "Woodforest Account"), up to and including the sum of one hundred sixty thousand three hundred fifty-seven dollars and sixty cents ($160,357.60), and all proceeds traceable thereto (the "SUBJECT FUNDS"). I submit that there is probable cause to believe that the SUBJECT FUNDS are subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code Section, 2461(c), as representing property which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1343. As set forth in more detail below, the SUBJECT FUNDS are believed to be traceable to the proceeds of wire fraud in violation of Title 18, United States Code, Section 1343.

3.    Because this affidavit is submitted for the limited purpose of establishing probable cause to seize the SUBJECT FUNDS, I have not described all of the relevant facts observed by me or known to the government. Where the contents of documents and the actions and statements of others are reported herein, they are, unless otherwise indicated, reported only in substance and in part.

## STATUTORY FRAMEWORK

4.    Title 18, United States Code, Section 981(a)(1)(C) provides for the forfeiture of any property, real or personal, which constitutes or is derived from proceeds

traceable to a violation of any offense, or a conspiracy to commit such an offense, which constitutes "specified unlawful activity," as defined in Title 18, United States Code, Section 1956(c)(7).

5. Pursuant to Title 18, United States Code, Section 1961(1)(D), as incorporated by Title 18, United States Code, Section 1956(c)(7)(A), the term "specified unlawful activity" includes wire fraud in violation of Title 18, United States Code, Section 1343.

6. Pursuant to Title 18, United States Code, Section 981(b), this Court is empowered to issue a seizure warrant for any property subject to forfeiture under Title 18, United States Code, Section 981.

7. Pursuant to Title 18, United States Code, Section 981(b)(2), seizures pursuant to Section 981 "shall be made pursuant to a warrant obtained in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure."

8. Pursuant to Title 18, United States Code, Section 981(b)(3) and Title 28, United States Code, Section 1355(b), notwithstanding the provisions of Federal Rule of Criminal Procedure 41(a), a seizure warrant may be issued pursuant to Section 981(b) by a judicial officer in any district acts or omissions giving rise to the forfeiture occurred, and may be executed in any district in which the property is found.

9. Pursuant to Title 18, United States Code, Section 984, in any forfeiture action in rem in which the subject property is cash or funds deposited in account in a financial institution, any identical property found within one year in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture.

10. As discussed below, the government's investigation has revealed that the SUBJECT FUNDS represent property traceable to proceeds of a wire fraud scheme.

## THE FRAUDULENT SCHEME

11. Based on my training and experience, I am familiar with an increasingly common fraud scheme known as the Business Email Compromise ("BEC") scheme. As part of this fraudulent scheme, criminals hack into e-mail accounts belonging to others – or simply impersonate others by creating fictitious e-mail accounts meant to resemble those actually used by the scheme victims – and then cause funds belonging to the victims to be transferred to beneficiary accounts under the criminals' control. The beneficiary accounts are held by individuals known as "money mules," who receive instructions from the perpetrators of the fraud regarding the disbursement of the proceeds credited to their accounts. Money mules may or may not be aware of the criminal nature of the funds, and in some cases are actually victims of fraud themselves. The perpetrators of BEC schemes are typically able to cause funds to be transferred without the victims' knowledge and before the victims or the financial institutions involved detect the fraud. Among the BEC schemes that are becoming more common are those targeting victims involved in real estate businesses.

12. Based on my participation in this investigation, I am familiar with one such BEC scheme in which a victim located in Brooklyn, New York (the "Victim") wired funds to an account the Victim believed was held by a real estate attorney pursuant to instructions he received by email.

13. On or about March 2, 2018, while the Victim was in the process of purchasing a residential real property, the Victim received an email that appeared to be from

the seller's real estate attorney. The email was actually a counterfeit email sent from a "look-alike" email address by the perpetrators of the fraud. The fraudulent email advised the Victim that the sender was the "escrow closer" handling the upcoming closing and instructed the Victim to send outstanding funds in the amount of $386,100 to Bank of America ("BOA") account number 466002124298, held in the name of VMG Direct (the "BOA Account"). The fraudulent email urged the Victim to wire the money that same day to guarantee that the funds would be available for disbursement at the scheduled closing.

14. On or about the same day, in accordance with the fraudulent instructions, the Victim went to a JPMorgan Chase Bank ("JPMC") branch located in Brooklyn, New York and arranged for the wire transfer in the amount of $386,100 from his JPMC account to the BOA account.

15. On or about March 6, 2018, the Victim received a telephone call from the JPMC branch manager, who told the Victim there was something suspicious about the wire transfer. The Victim contacted his real estate attorney, who telephoned the seller's attorney regarding the payment of $386,100. The seller's attorney responded that he did not send the email with wire transfer instructions and that no closing funds had been received.

16. On or about March 6, 2018, a member of the FBI investigative team spoke to a representative of BOA who confirmed that a wire transfer of $386,100 was credited to the BOA Account on or about March 2, 2018. The representative advised that BOA would be returning to JPMC the frozen funds traced to the $386,100 wire. However, bank records showed that on or about March 5, 2018, $160,357.60 had already been wired from the BOA account to the Woodforest Account.

17. On or about March 7, 2018, a member of the FBI investigative team spoke to a representative of Woodforest National Bank ("Woodforest"), a bank with headquarters in Texas and locations in multiple states. The representative confirmed that a wire transfer from BOA on March 5, 2018, in the amount of $160,357.60, was credited to the Woodforest Account. The Woodforest representative further stated that subsequent to the fraudulent transfer of the SUBJECT FUNDS into the Woodforest Account, one or more transfers of SUBJECT FUNDS were made from the Woodforest Account to one or more related or linked accounts at Woodforest.

## CONCLUSION

18. Based on the facts set forth above, there is probable cause to believe that the SUBJECT FUNDS, which consist of monies contained in the Woodforest Account, up to and including $160,357.60, more or less, and all proceeds traceable thereto, including funds transferred to related or linked accounts, constitute proceeds of the BEC fraud against the Victim in violation of Title 18, United States Code, Section 1343, or property traceable to such proceeds. The SUBJECT FUNDS are therefore subject to seizure and forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

19. Accordingly, your deponent respectfully requests that the Court issue a seizure warrant, pursuant to Title 18, United States Code, Section 981(b), authorizing the seizure of the SUBJECT FUNDS.

MARK I. RUBINS
Task Force Officer, FBI

Sworn to before me this
16th day of March, 2018

MAGISTRATE JUDGE STEVEN GOLD
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK